**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1749
_____

DEAN WARREN SCHOMBURG,
                                        Appellant

v.

DOW JONES & CO, INC.;
INDEPENDENT ASSOCIATION OF PUBLISHERS' EMPLOYEES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:11-cv-03410)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2014
Before:  FISHER, VANASKIE and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  October 15, 2014)
_____

OPINION
_____

PER CURIAM

Dean Schomburg appeals pro se from the decision of the United States District

Court for the District of New Jersey granting Dow Jones & Company's ("Dow Jones")

motion for summary judgment in this employment discrimination action alleging claims

under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.,

and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. For the reasons that follow, we will affirm the District Court's judgment.

I.

Because we write primarily for the parties, we discuss the background of this case only to the extent needed to resolve this appeal. Schomburg, who is African-American, began working for Dow Jones in 1994. In 1995, at the age of 56, he was promoted to a radio anchor position, which involved writing short business news reports and broadcasting them over the airwaves of Dow Jones's affiliated radio stations. In January 2008, Schomburg was late delivering one of his reports. In February 2008, he missed a report entirely. In June 2008, Dow Jones issued him a written warning addressing his failure to arrive on time for a report in May 2008. On October 13, 2008, he received another written warning, this time for giving incorrect information in two of his reports. In one of those reports, he erroneously stated that the Dow Jones Industrial Average had fallen below 800, when in fact it had only fallen below 8000.

On or around October 13, 2008, Schomburg's immediate supervisor, Patrice Sikora, met with Schomburg to discuss a change in his work assignment. The new assignment would still involve broadcasting news reports to affiliated radio stations, but the affiliates would be different and the reports would be shorter and slightly less frequent. Schomburg's pay apparently would remain the same, as would his hours, work location, and immediate supervisor.

Believing that the new work assignment was optional, Schomburg refused it. For

2

the next two weeks, Sikora and Schomburg apparently had regular interactions but did not discuss the change in work assignment. Schomburg was scheduled to begin a one-week vacation on October 31, 2008. On October 29, 2008, Sikora spoke to Schomburg to confirm that he would be starting the new work assignment when he returned from his vacation. Schomburg, still believing that the new work assignment was optional, again refused it. Later that day, Sikora sent him an email stating that, in light of his refusal, his last day working for Dow Jones would be November 7, 2008. Upon his receipt of that email, Schomburg realized that his employment was being terminated because he had not accepted the new work assignment.

Schomburg's union representative advised him to retract his refusal of the new work assignment. Schomburg did not follow that advice. Instead, he worked his shift on October 31, 2008, turned in his identification card, and took his one-week vacation. On November 7, 2008, at the age of 69, his employment with Dow Jones ended.

After obtaining a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), Schomburg initiated this lawsuit, alleging that Dow Jones had discriminated against him on the basis of his race (his Title VII claim) and age (his ADEA claim). Dow Jones ultimately moved for summary judgment. On March 5, 2014, the District Court granted Dow Jones's motion, concluding that Schomburg's claims failed on the merits.[1] This timely appeal followed.

---

[1] There appears to be some question whether Schomburg initiated this lawsuit within 90 days of his receipt of the EEOC's right-to-sue letter, as required by Title VII and the

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We review a district court's grant of summary judgment de novo, applying the same standard as the district court." S.H. ex rel. Durrell v. Lower Merion Sch. Dist., 729 F.3d 248, 256 (3d Cir. 2013). Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists, summary judgment should not be denied unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks and citation omitted). We may affirm a district court's judgment on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

When, as here, a plaintiff attempts to prove a discrimination claim under a pretext

---

ADEA. See 42 U.S.C. § 2000e-5(f)(1) (Title VII); 29 U.S.C. § 626(e) (ADEA). The District Court did not address this question on summary judgment, and we need not do so here. Those limitations provisions are not jurisdictional, see Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 173 (3d Cir. 2009) (Title VII); Holowecki v. Fed. Express Corp., 440 F.3d 558, 563 (2d Cir. 2006) (ADEA); see also Miller v. Beneficial Mgmt. Corp., 977 F.2d 834, 845 (3d Cir. 1992) ("In appropriate cases, statutes of limitations in employment discrimination cases may be equitably tolled."), and, as explained below, we agree with the District Court that Dow Jones was otherwise entitled to summary

4

theory, the burden-shifting framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), applies.  <u>Makky v. Chertoff</u>, 541 F.3d 205, 214 (3d Cir. 2008). Under that framework, the plaintiff must first make a prima facie case of discrimination. <u>Id.</u>  This requires showing, inter alia, that he suffered an "adverse" employment action, <u>id.</u>, which "is an action that alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee," <u>Budhun v. Reading Hosp. & Med. Ctr.</u>, --- F.3d ----, No. 11-4625, 2014 WL 4211116, at *10 (3d Cir. Aug. 27, 2014) (internal quotation marks omitted).  If the plaintiff makes a prima facie case of discrimination, "then an inference of discriminatory motive arises and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse employment action." <u>Makky</u>, 541 F.3d at 214.  If the defendant articulates such a reason, "the inference of discrimination drops and the burden shifts back to the plaintiff to show that the defendant's proffered reason is merely pretext for intentional discrimination."  <u>Id.</u>

In this case, the District Court determined that the relevant employment decision was the change in Schomburg's work assignment.  The court concluded that this change did not reflect an adverse employment action and that, as a result, Schomburg had failed to make a prima facie showing of racial or age discrimination.  The court further concluded that, even if Schomburg had made a prima facie showing of either racial or age discrimination, Dow Jones had articulated legitimate, non-discriminatory reasons for the

judgment.

5

change in work assignment. The court held that Schomburg had not demonstrated that these reasons were merely a pretext for discrimination.

On appeal, Schomburg argues, inter alia, that the relevant employment decision was not the change in work assignment, but rather his subsequent termination. We conclude that his discrimination claims fail regardless of which employment decision is considered. Assuming for the sake of argument that he made a prima facie showing of racial and age discrimination, Dow Jones articulated a legitimate, non-discriminatory reason for both the change in his work assignment and his termination. Specifically, the change in work assignment was due to his on-air mistakes and his late/missed reports, and his termination was due to his refusal to accept the new work assignment. Schomburg has failed to put forth evidence that these reasons were merely pretext for racial or age discrimination. See Burton v. Teleflex Inc., 707 F.3d 417, 427 (3d Cir. 2013) (explaining that, to show pretext, "the plaintiff must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.") (quotation marks omitted). Although Schomburg points to the deposition testimony of three former Dow Jones employees who claimed to have been forced into retirement, there is no indication that any of those individuals refused a new work assignment or were otherwise similarly situated to Schomburg. Furthermore, Schomburg's other allegations do not amount to "sufficient evidence for a jury to

reasonably find for [him]" on his pretext argument.  Barefoot Architect, Inc., 632 F.3d at 826.

In light of the above, we agree with the District Court's decision to grant Dow Jones's motion for summary judgment.  Although Schomburg takes issue with the fact that a District Court clerk allegedly failed to return his call seeking guidance about how to file an out-of-time opposition to Dow Jones's summary judgment motion, Schomburg has not demonstrated that such a filing may have changed the outcome in this case.  We have considered Schomburg's remaining arguments and conclude that none entitles him to relief.[2]  Accordingly, we will affirm the District Court's judgment.

---

[2] Schomburg initially planned to depose former Dow Jones employees Nancy Abramson and Paul Von Zech, but ultimately elected to defer examining them until trial.  Any speculation as to what those witnesses might have testified to at trial has no bearing on the summary judgment analysis.  On another note, to the extent that Schomburg attempts to raise any new causes of action here, he may not do so.  See Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 416 (3d Cir. 2011).